

**Your Missouri Courts**    .net

Search for Cases by: Select Search Method... ▽

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print            GrantedPublicAccess Logoff 1014841852

### 18RE-CC00014 - JAMES YATES ET AL V STATE FARM FIRE AND CASUALTY C (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending

Display Options: All Entries ▽

---

**09/17/2018** ☐ **Summons Personally Served**
Document ID - 18-SMCC-486; Served To - CSC-LAWYERS INCORPORATING SERVICE COMPANY; Server - SO COLE COUNTY-JEFFERSON CITY; Served Date - 06-SEP-18; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served

**09/14/2018** ☐ **Summons Issued-Circuit**
Document ID: 18-SMCC-546, for EPSTEIN, LANETTE.

**09/13/2018** ☐ **Note to Clerk eFiling**
        **Filed By:** ROY EUGENE WILLIAMS JR.

☐ **Cert Serv of Interrog Filed**
Certificate of Service of Plaintiffs First Interrogatories and RFP to Defendant Lanette Epstein.
        **Filed By:** ROY EUGENE WILLIAMS JR.
        **On Behalf Of:** JAMES YATES, HANNAH L YATES

☐ **Amended Motion/Petition Filed**
First Amended Petition.

**08/13/2018** ☐ **Summons Issued-Circuit**
Document ID: 18-SMCC-486, for CSC-LAWYERS INCORPORATING SERVICE COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 18-SMOS-39, for STATE FARM FIRE AND CASUALTY COMPANY.

**08/10/2018** ☐ **Filing Info Sheet eFiling**
        **Filed By:** ROY EUGENE WILLIAMS JR.

☐ **Cert Serv of Interrog Filed**
Certificate of Service of Plaintiffs First Interrogatories RFP to Defendant.
        **Filed By:** ROY EUGENE WILLIAMS JR.
        **On Behalf Of:** JAMES YATES, HANNAH L YATES

☐ **Pet Filed in Circuit Ct**
Petition.

☐ **Judge Assigned**

---

Case.net Version 5.13.19.1                Return to Top of Page                Released 02/02/2018

**18RE-CC00014**

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

IN THE CIRCUIT COURT OF REYNOLDS COUNTY, MISSOURI
CIRCUIT DIVISION

JAMES D. YATES AND HANNAH YATES,          )
                                          )
               PLAINTIFFS,          )
                                          )
VS.                                       )  Case No. _____
                                          )
STATE FARM FIRE & CASUALTY COMPANY, )
                                          )
               DEFENDANT.          )

## PETITION

COME NOW the Plaintiffs, through counsel, and for their petition against Defendant,

State Farm Fire & Casualty Company, hereinafter Defendant, states, alleges and avers as

follows:

## GENERAL ALLEGATIONS

1.      That Defendant was and is at all times herein mentioned a Missouri insurance

company; said Defendant maintains an agent in Reynolds County, Missouri, for the transaction

of its usual customary business.

2.      For and in consideration of the payment of a premium, Defendant issued to

Plaintiffs its policy of insurance insuring Plaintiffs for certain perils including loss by fire to a

home located at 131 Hwy 72, Bunker, MO 63629, including personal property contained therein;

said policy was numbered 25-CV-P895-8 with effective dates of October 11, 2017 through

October 11, 2018; that the worth of the residence at the time the policy was issued was $133,000;

that the worth of the personal property at the time the policy issued was $99,750.00; and the

policy provided coverage for additional living expense and incidental coverages including debris

removal.

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

3.     That Plaintiffs have complied with all the terms and conditions precedent under the terms of Defendant's policy of insurance.

4.     That on or about December 12, 2017, Plaintiffs' home and personal property located therein was damaged by fire.

5.     That as a direct result of the fire Plaintiffs have or will incur cost of debris removal.

6.     That as a direct result of the fire Plaintiffs have and will continue to incur additional living expenses.

7.     That Plaintiffs have demanded payment for amounts due under their policy but Defendant has refused and continues to refuse to pay such sums.

## COUNT I

COME NOW the Plaintiffs and for Count I of their cause of action against Defendant, state, allege and aver as follows:

8.     These Plaintiffs restate, reallege and incorporate by reference each and every allegation set forth in the "General Allegations" as if fully, accurately and completely set forth herein.

9.     That as a direct result of the fire, Plaintiffs' home and personal property were rendered a partial loss.

10.     That Defendant's policy provides, in part, as follows:

"When partial damages to covered property is caused by the peril of fire, we will pay for the damage done to the property or repair the property to the extent of the damage, at your option. Payment will not exceed the limits of liability of this policy, and the damaged property shall be in as good condition as before the fire."

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

11.     That the actual cost of the damage to the residence was $91,034.40 and the actual cost of the personal property destroyed was $54,921.00.

12.     In addition, Defendant contracted with two separate providers, ServPro and CRDN, to repair or reclaim certain items of personal property of Plaintiffs, which costs Defendant has failed, neglected and refused to satisfy and/or Defendant has otherwise failed, neglected and refused to take steps to secure the return of Plaintiffs' personal property currently being held by ServPro and/or CRDN.

WHEREFORE, Plaintiffs pray for judgment against Defendant in the amount of $145,955.40; for replacement of personal property items taken by ServPro and/or CRDN at the specific request and instruction of Defendant, or alternatively, that Defendant be ordered to satisfy any outstanding costs owing to ServePro and/or CRDN and be ordered to insure the return of said personal property items to Plaintiffs herein; for additional living expenses and the cost of debris removal; and for such other costs and damages as a trier of fact determines; and for prejudgment interest; and for Plaintiffs' costs incurred herein.

## COUNT II

COME NOW the Plaintiffs and for Count II of this cause of action against Defendant, and in the alternative to Count I above, state, allege and aver as follows:

13.     That Plaintiffs restate, reallege and incorporate by reference herein each and every allegation set forth and contained in the "General Allegations" and Count I above as if fully, completely and accurately set forth herein.

14.     That Plaintiffs' policy of insurance and the "Section I – Loss Settlement" provisions therein, specifically provides under "Coverage A – Dwelling" paragraph 1.A1 "Replacement Cost Loss Settlement – Similar Construction" that Defendant "will pay the cost to

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

repair or replace with similar construction and for the same use on the premises shown in the declarations, the damaged part of the property covered under Section I – Coverages, Coverage A – Dwelling, except for wood fences, subject to the following:

> (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property."

15. That the actual cost to repair or replace the damaged residence is $124,241.28.

16. That Defendant has breached the terms and conditions of these provisions of the policy by refusing to pay the actual cash value of the loss and thereby prevented Plaintiffs from replacing or repairing their damaged property.

17. That Defendant has failed, neglected and refused to pay the bill owing to ServPro in order for Plaintiffs to obtain the return of the repaired or reclaimed personal property items.

18. Further, Defendant's policy contains a provision under "Coverage B – Personal Property" paragraph 1.B1 "Limited Replacement Cost Loss Settlement", specifically subparagraph therein that:

> (1) until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

> (2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property;

19. That the cost to repair or replace the unscheduled personal property is $54,921.

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

WHEREFORE, Plaintiffs pray for judgment against Defendant in the amount of $179,162.28 for damage to the residence and personal property, for debris removal, and for additional living expenses in such amounts as the trier of fact determines; and for the costs of satisfying any indebtedness owing against Plaintiffs' personal property items to ServPro and the associated costs incurred in obtaining possession of Plaintiffs' repaired or reclaimed personal property items; for prejudgment interest; and for their costs incurred herein.

### COUNT III

COME NOW the Plaintiffs and for Count III of their cause of action against Defendant; and in the alternative to Counts I and II above, state, allege and aver as follows:

20.     That Plaintiffs restate, reallege and incorporate by reference herein each and every allegation set forth and contained in the "General Allegations" and Counts I and II above as if fully, completely and accurately set forth herein.

21.     That the actual cash value of the damaged residence was $133,000; that the actual cash value of the unscheduled property was $54,921; that there is currently an indebtedness owing to ServPro for the return of Plaintiffs' repaired or reclaimed items, plus the costs incurred in regaining possession of said items.

WHEREFORE, Plaintiffs pray for judgment against Defendant in the amount of $187,921 for damage to the residence and personal property, for additional living expenses and the cost of debris removal in such amounts as a trier of fact determines, for the cost of obtaining possession of Plaintiff's personal items currently being held by ServPro and/or CRDN; for prejudgment interest; and for such other and further relief and orders as the Court deems just and proper in the premises.

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

## COUNT IV

COME NOW the Plaintiffs and for Count IV of their cause of action against Defendant,

state, allege and avers as follows:

22.     That Plaintiffs restate, reallege and incorporate by reference herein each and every

allegation set forth and contained in the "General Allegations" and Counts I through III above as

if fully, completely and accurately set forth herein.

23.     RSMo. 375.420 provides as follows:

> In any action against any insurance company to recover the amount of any loss
> under a policy of automobile, fire, cyclone, lightening, life, health, accident,
> employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or
> other insurance except automobile liability insurance, if it appears from the
> evidence that such company has refused to pay such loss without reasonable cause
> or excuse, the court or jury may, in addition to the amount thereof and interest,
> allow the plaintiff damages not to exceed twenty percent of the first fifteen
> hundred dollars of the loss and ten percent of the first fifteen hundred dollars of
> the loss, and ten percent of the amount of the loss in excess of fifteen hundred and
> a reasonable attorney's fee; and the court shall enter judgment for the aggregate
> sum found in the verdict.

24.     That the acts of Defendant above-described refusing to pay Plaintiffs their sums

due without just reasonable cause or excuse entitle Plaintiffs to statutory damages, including

penalties and attorney's fees.

WHEREFORE, Plaintiffs pray for judgment against Defendant for 20% of the first

$1,500 of the loss, and 10% of the amount in excess of that amount, and reasonable attorney's

fees, and their costs incurred herein.

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

HENRY & WILLIAMS, P.C.

by:    */s/ Roy E. Williams, Jr.*
       Roy E. Williams, Jr.   #38712
       P.O. Box 617
       West Plains, MO 65775
       Phone: 417/256-8133
       Fax: 417/256-8969
       Attorneys for Plaintiffs.



## Notice of Service of Process

null / ALL
**Transmittal Number: 18664278**
**Date Processed: 09/06/2018**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | James D. Yates vs. State Farm Fire & Casualty Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Reynolds County Circuit Court, Missouri |
| **Case/Reference No:** | 18RE-CC00014 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 09/06/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Roy E. Williams, Jr.<br>417-256-8133 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



## IN THE 42ND JUDICIAL CIRCUIT, REYNOLDS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KELLY WAYNE PARKER | Case Number: 18RE-CC00014 |
| Plaintiff/Petitioner:<br>JAMES YATES<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ROY EUGENE WILLIAMS JR.<br>1207 PORTER WAGONER<br>P O BOX 617<br>WEST PLAINS, MO  65775 |
| Defendant/Respondent:<br>STATE FARM FIRE AND CASUALTY<br>COMPANY | Court Address:<br>Reynolds County Courthouse<br>P O Box 39<br>Centerville, MO  63633 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

*FILED*
*8/13/2018*
*RANDY L. COWIN*
*CIRCUIT CLERK*
*REYNOLDS COUNTY, MO*

## Summons in Civil Case

**The State of Missouri to:**  CSC-LAWYERS INCORPORATING SERVICE COMPANY
Alias:

**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*REYNOLDS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

AUGUST 13, 2018
_____
Date

*Randy L. Cowin*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

RECEIVED

SEP 0 4 2018

COLE COUNTY
SHERIFF'S OFFICE

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*Return*



## IN THE 42ND JUDICIAL CIRCUIT, REYNOLDS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KELLY WAYNE PARKER | Case Number: 18RE-CC00014 |
| Plaintiff/Petitioner:<br>JAMES YATES | Plaintiff's/Petitioner's Attorney/Address<br>ROY EUGENE WILLIAMS JR.<br>1207 PORTER WAGONER<br>P O BOX 617<br>WEST PLAINS, MO 65775 |
|                vs. | |
| Defendant/Respondent:<br>STATE FARM FIRE AND CASUALTY<br>COMPANY | Court Address:<br>Reynolds County Courthouse<br>P O Box 39<br>Centerville, MO 63633 |
| Nature of Suit:<br>CC Contract-Other | |

*FILED*
*8/13/2018*
*RANDY L. COWIN*
*CIRCUIT CLERK*
*REYNOLDS COUNTY, MO*

RECEIVED

SEP 05 2018

COLE COUNTY
SHERIFF'S OFFICE
(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  CSC-LAWYERS INCORPORATING SERVICE COMPANY**
     Alias:

221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*REYNOLDS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

AUGUST 13, 2018
_____
Date

Further Information:

*Randy L. Cowin*

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers S.L. (name) Designee (title).

☐ other: _____

Served at 350 E. 4th (address)
in Cole (County/City of St. Louis), MO, on 9-6-18 (date) at 800 AM (time).

John P Wheeler      By    Sgt. Annie Wear
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

    (Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      Notary Public

FILED

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

SEP 17 2018

RANDY L. COWIN
CIRCUIT CLERK
REYNOLDS COUNTY, MO

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**18RE-CC00014**

Electronically Filed - Reynolds Circuit Division - August 10, 2018 - 04:33 PM

IN THE CIRCUIT COURT OF REYNOLDS COUNTY, MISSOURI
CIRCUIT DIVISION

| | |
|---|---|
| JAMES D. YATES AND HANNAH YATES, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) Case No. _____ |
| | ) |
| STATE FARM FIRE & CASUALTY COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

## CERTIFICATE OF SERVICE

**COME NOW** the Plaintiffs, by and through counsel, and certify that a true and

correct copy of Plaintiffs' First Set of Interrogatories and Request for Production of

Documents and Things to Defendants, along with a copy of this Certificate of Service

were attached to the Summons and Petition to be served in this cause.


HENRY & WILLIAMS, P.C.


by:     */s/ Roy E. Williams, Jr.*
        Roy E. Williams, Jr.   #38712
        1207 Porter Wagoner Blvd.
        P.O. Box 617
        West Plains, MO 65775
        Phone: 417/256-8133
        Fax: 417/256-8969
        Attorneys for Plaintiffs

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

IN THE CIRCUIT COURT OF REYNOLDS COUNTY, MISSOURI
CIRCUIT DIVISION

JAMES D. YATES AND HANNAH YATES,    )
    )
          PLAINTIFFS,    )
    )
VS.    ) Case No. 18RE-CC00014
    )
STATE FARM FIRE & CASUALTY COMPANY )
and    )
LANETTE EPSTEIN,    )
    )
          DEFENDANTS.    )

## FIRST AMENDED PETITION

COME NOW the Plaintiffs, through counsel, and for their petition against State Farm
Fire & Casualty Company and Lanette Epstein, hereinafter Defendants, states, alleges and avers
as follows:

## GENERAL ALLEGATIONS

1.    That separate Defendant, State Farm Fire & Casualty Company, was and is at all
times herein mentioned a Missouri insurance company; said Defendant maintains an agent in
Reynolds County, Missouri, for the transaction of its usual customary business.

2.    For and in consideration of the payment of a premium, separate Defendant, State
Farm Fire & Casualty Company, issued to Plaintiffs its policy of insurance insuring Plaintiffs for
certain perils including loss by fire to a home located at 131 Hwy 72, Bunker, MO 63629,
including personal property contained therein; said policy was numbered 25-CV-P895-8 with
effective dates of October 11, 2017 through October 11, 2018; that the worth of the residence at
the time the policy was issued was $133,000; that the worth of the personal property at the time
the policy issued was $99,750.00; and the policy provided coverage for additional living expense
and incidental coverages including debris removal.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

3.     That Plaintiffs have complied with all the terms and conditions precedent under the terms of Defendant's policy of insurance.

4.     That on or about December 12, 2017, Plaintiffs' home and personal property located therein was damaged by fire.

5.     That as a direct result of the fire Plaintiffs have or will incur cost of debris removal.

6.     That as a direct result of the fire Plaintiffs have and will continue to incur additional living expenses.

7.     That Plaintiffs have demanded payment for amounts due under their policy but separate Defendant, State Farm Fire & Casualty Company, has refused and continues to refuse to pay such sums.

**COUNT I**

COME NOW the Plaintiffs and for Count I of their cause of action against separate Defendant, State Farm Fire & Casualty Company, state, allege and aver as follows:

8.     These Plaintiffs restate, reallege and incorporate by reference each and every allegation set forth in the "General Allegations" as if fully, accurately and completely set forth herein.

9.     That as a direct result of the fire, Plaintiffs' home and personal property were rendered a partial loss.

10.     That Defendant's policy provides, in part, as follows:

> "When partial damages to covered property is caused by the peril of fire, we will
> pay for the damage done to the property or repair the property to the extent of the

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

damage, at your option.  Payment will not exceed the limits of liability of this

policy, and the damaged property shall be in as good condition as before the fire."

11.     That the actual cost of the damage to the residence was $91,034.40 and the actual

cost of the personal property destroyed was $54,921.00.

12.     In addition, Defendant contracted with two separate providers, ServPro and

CRDN, to repair or reclaim certain items of personal property of Plaintiffs, which costs

Defendant has failed, neglected and refused to satisfy and/or Defendant has otherwise failed,

neglected and refused to take steps to secure the return of Plaintiffs' personal property currently

being held by ServPro and/or CRDN.

WHEREFORE, Plaintiffs pray for judgment against separate Defendant, State Farm Fire

& Casualty Company, in the amount of $145,955.40; for replacement of personal property items

taken by ServPro and/or CRDN at the specific request and instruction of Defendant, or

alternatively, that Defendant be ordered to satisfy any outstanding costs owing to ServePro

and/or CRDN and be ordered to insure the return of said personal property items to Plaintiffs

herein; for additional living expenses and the cost of debris removal; and for such other costs and

damages as a trier of fact determines; and for prejudgment interest; and for Plaintiffs' costs

incurred herein.

## COUNT II

COME NOW the Plaintiffs and for Count II of this cause of action against separate

Defendant, State Farm Fire & Casualty Company, and in the alternative to Count I above, state,

allege and aver as follows:

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

13.     That Plaintiffs restate, reallege and incorporate by reference herein each and every allegation set forth and contained in the "General Allegations" and Count I above as if fully, completely and accurately set forth herein.

14.     That Plaintiffs' policy of insurance and the "Section I – Loss Settlement" provisions therein, specifically provides under "Coverage A – Dwelling" paragraph 1.A1 "Replacement Cost Loss Settlement – Similar Construction" that Defendant "will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the declarations, the damaged part of the property covered under Section I – Coverages, Coverage A – Dwelling, except for wood fences, subject to the following:

> (1)     until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property."

15.     That the actual cost to repair or replace the damaged residence is $124,241.28.

16.     That Defendant has breached the terms and conditions of these provisions of the policy by refusing to pay the actual cash value of the loss and thereby prevented Plaintiffs from replacing or repairing their damaged property.

17.     That Defendant has failed, neglected and refused to pay the bill owing to ServPro in order for Plaintiffs to obtain the return of the repaired or reclaimed personal property items.

18.     Further, Defendant's policy contains a provision under "Coverage B – Personal Property" paragraph 1.B1 "Limited Replacement Cost Loss Settlement", specifically subparagraph therein that:

> (1)     until repair or replacement is completed, we will pay only the

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

cost to repair or replace less depreciation;

(2)    after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property;

19.    That the cost to repair or replace the unscheduled personal property is $54,921.

WHEREFORE, Plaintiffs pray for judgment against separate Defendant, State Farm Fire & Casualty Company, in the amount of $179,162.28 for damage to the residence and personal property, for debris removal, and for additional living expenses in such amounts as the trier of fact determines; and for the costs of satisfying any indebtedness owing against Plaintiffs' personal property items to ServPro and the associated costs incurred in obtaining possession of Plaintiffs' repaired or reclaimed personal property items; for prejudgment interest; and for their costs incurred herein.

## COUNT III

COME NOW the Plaintiffs and for Count III of their cause of action against separate Defendant, State Farm Fire & Casualty Company; and in the alternative to Counts I and II above, state, allege and aver as follows:

20.    That Plaintiffs restate, reallege and incorporate by reference herein each and every allegation set forth and contained in the "General Allegations" and Counts I and II above as if fully, completely and accurately set forth herein.

21.    That the actual cash value of the damaged residence was $133,000; that the actual cash value of the unscheduled property was $54,921; that there is currently an indebtedness owing to ServPro for the return of Plaintiffs' repaired or reclaimed items, plus the costs incurred in regaining possession of said items.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

WHEREFORE, Plaintiffs pray for judgment against separate Defendant, State Farm Fire & Casualty Company, in the amount of $187,921 for damage to the residence and personal property, for additional living expenses and the cost of debris removal in such amounts as a trier of fact determines, for the cost of obtaining possession of Plaintiff's personal items currently being held by ServPro and/or CRDN; for prejudgment interest; and for such other and further relief and orders as the Court deems just and proper in the premises.

## COUNT IV

COME NOW the Plaintiffs and for Count IV of their cause of action against separate Defendant, State Farm Fire & Casualty Company, state, allege and avers as follows:

22.     That Plaintiffs restate, reallege and incorporate by reference herein each and every allegation set forth and contained in the "General Allegations" and Counts I through III above as if fully, completely and accurately set forth herein.

23.     RSMo. 375.420 provides as follows:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightening, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss and ten percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

24.     That the acts of Defendant above-described refusing to pay Plaintiffs their sums due without just reasonable cause or excuse entitle Plaintiffs to statutory damages, including penalties and attorney's fees.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

WHEREFORE, Plaintiffs pray for judgment against separate Defendant, State Farm Fire & Casualty Company, for 20% of the first $1,500 of the loss, and 10% of the amount in excess of that amount, and reasonable attorney's fees, and their costs incurred herein.

## COUNT V

COME NOW the Plaintiffs in the alternative and for Count V of their cause of action against Defendants, State Farm Fire & Casualty Company and Lanette Epstein, state, allege and aver as follows:

25.     That these Plaintiffs restate, reallege and incorporate by reference each and every fact and allegation set forth and contained in the "General Allegations" above and Counts I through IV above as if fully, completely and accurately set forth herein.

26.     That at all times material and pertinent herein, separate Defendant, Lanette Epstein, was an officer, agent, servant and/or employee of separate Defendant, State Farm Fire & Casualty Company.

27.     That all of the acts and occurrences on the part of Lanette Epstein occurred, transpired and took place all in and within the course and scope of her agency and employment with separate Defendant, State Farm Fire & Casualty Company.

28.     That prior to the occurrence aforementioned, Plaintiffs herein presented to separate Defendant, Lanette Epstein, for the purpose of purchasing and procuring a policy of homeowner's insurance through State Farm Fire & Casualty Company for a home and real estate located at 131 Hwy 72, Bunker, MO 63629.

29.     That Lanette Epstein did promise to Plaintiffs that she would procure a policy of homeowner's insurance for Plaintiffs' benefit, insuring the home and real estate located at 131 Hwy 72, Bunker, MO 63629.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

30.     That in consideration thereof, Plaintiffs paid a policy premium to Defendant, procuring insurance for the policy period of October 11, 2017 through October 11, 2018.

31.     That Plaintiffs relied upon Lanette Epstein's promise to provide homeowner's insurance coverage to Plaintiffs as above-referenced.

32.     Alleging further, Plaintiffs had a right to rely upon Lanette Epstein's promise that a policy of homeowner's insurance would and in fact did issue to Plaintiffs insuring the property above-referenced against damage or loss by fire and/or other perils.

33.     That Lanette Epstein could and/or should have reasonably foreseen the precise action that Plaintiffs, James D. Yates and Hannah Yates, took in reliance upon Lanette Epstein's promise, and that Plaintiffs herein would not be required and would otherwise not need to seek or to procure a policy of homeowner's insurance elsewhere or from another source based upon the promise of Lanette Epstein.

34.     That had Plaintiffs know that State Farm Fire & Casualty Company would not honor the homeowner's policy procured by Plaintiffs through Lanette Epstein, Plaintiffs would have sought a homeowner's policy of insurance elsewhere.

35.     That injustice can only be avoided by enforcement of the promise made by Lanette Epstein to Plaintiffs herein.

36.     That Plaintiffs have been damaged as set forth herein above.

WHEREFORE, Plaintiffs pray for damages against Defendants in a just and reasonable sum commensurate with the amount of injuries and damages sustained by Plaintiffs herein; plus interest; and for such other and further relief and orders as the Court deems just and proper in the premises.

## COUNT VI

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

COME NOW the Plaintiffs, James D. Yates and Hannah Yates, through counsel, in the alternative, and for Count VI of this cause of action against Defendants state, allege and aver as follows:

37.     That these Plaintiffs restate, reallege and incorporate by reference each and every allegation set forth and contained in the "General Allegations" above and in separate Counts I through V above, as if fully, completely and accurately set forth herein.

38.     That Lanette Epstein did promise Plaintiffs to purchase and to secure a policy of homeowner's insurance for the home and real estate described herein above.

39.     That in consideration of payment of a premium, Lanette Epstein issued a policy of insurance, specifically policy number 25-CV-P895-8 to Plaintiffs herein.

40.     That the premium payment demanded by Defendants was in fact paid by Plaintiffs herein and received by Defendants.

41.     That the above-referenced fire loss occurred on December 12, 2017, and subsequent to said loss, State Farm Fire & Casualty Company has refused to honor the terms and conditions of the contract of insurance issued by separate Defendants herein to Plaintiffs, specifically policy number 25-CV-P895-8.

42.     That as a direct and proximate result thereof, Plaintiffs have been damaged as is set forth herein above due to Defendant's breach of the terms and conditions of its agreement and contract with Plaintiffs herein.

WHEREFORE, Plaintiffs pray for damages against Defendants in a just and reasonable amount commensurate with the amount of injuries and damages sustained by Plaintiffs herein; plus interest; and for such other and further relief and orders as the Court deems just and proper in the premises.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

HENRY & WILLIAMS, P.C.

by:    */s/ Roy E. Williams, Jr.*
       Roy E. Williams, Jr.   #38712
       P.O. Box 617
       West Plains, MO 65775
       Phone:  417/256-8133
       Fax:  417/256-8969
       Attorneys for Plaintiffs.

Electronically Filed - Reynolds Circuit Division - September 13, 2018 - 04:07 PM

IN THE CIRCUIT COURT OF REYNOLDS COUNTY, MISSOURI
CIRCUIT DIVISION

| | |
|---|---|
| JAMES D. YATES AND HANNAH YATES, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) Case No. 18RE-CC00014 |
| | ) |
| STATE FARM FIRE & CASUALTY COMPANY | ) |
| and | ) |
| LANETTE EPSTEIN, | ) |
| | ) |
| DEFENDANT. | ) |

## CERTIFICATE OF SERVICE

**COME NOW** the Plaintiffs, by and through counsel, and certify that a true and

correct copy of Plaintiffs' First Set of Interrogatories and Request for Production of

Documents and Things to Defendant Lanette Epstein, along with a copy of this

Certificate of Service were attached to the Summons and First Amended Petition to be

served in this cause.

HENRY & WILLIAMS, P.C.

by:    */s/ Roy E. Williams, Jr.*
       Roy E. Williams, Jr.  #38712
       1207 Porter Wagoner Blvd.
       P.O. Box 617
       West Plains, MO 65775
       Phone: 417/256-8133
       Fax: 417/256-8969
       Attorneys for Plaintiffs